IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATALIE GERKEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-1586-BN |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Natalie Gerken seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is reversed.

**Background**

Plaintiff alleges that she is disabled due to a variety of ailments, including cervical spondylosis with mild radiculopathy, lumbar radiculopathy, thoracic disc herniations, morbid obesity, major depressive disorder, and panic disorder. After her application for supplemental security income ("SSI") benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on October 24, 2011. At the time of the hearing, Plaintiff was 49 years old. She completed the eleventh grade and has past work experience as a cashier/clerk at a retail chain and as a proof operator at a bank. Plaintiff has not engaged in substantial gainful activity since October 1, 2008.

The ALJ found that Plaintiff was not disabled and therefore not entitled to SSI benefits. Although the medical evidence established that Plaintiff suffered severe impairments of polytrauma due to a motorcycle accident and morbid obesity as well as non-severe mental impairments, the ALJ concluded that the combination of impairments did not meet or equal the severity of any impairment listed in the Social Security regulations. The ALJ further determined that Plaintiff had the residual functional capacity to perform her past relevant work as a bank proof operator.

Plaintiff appealed that decision to the Appeals Council. The Council denied Plaintiff's request for review, and the ALJ's decision became final.

Plaintiff then filed this action in federal district court. Plaintiff argues that the ALJ committed reversible error by failing to provide good cause, supported by substantial evidence, for rejecting Plaintiff's treating physician's opinion and for rejecting, without explanation, the consultative examiners' opinions.

The Court determines that the hearing decision must be reversed and this case remanded to the Commissioner of Social Security for further proceedings.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner, rather than the courts, must resolve conflicts in the evidence, including

weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

> 5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See* 20 C.F.R. § 404.1520(b)-(f); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity."). The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective

evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows where the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

**Analysis**

Among the arguments that Plaintiff makes is a single ground that the Court concludes compels remand: The ALJ improperly rejected Plaintiff's treating physician's opinion without good cause. That is, Plaintiff correctly asserts that the ALJ erred by not considering the 20 C.F.R. §§ 404.1527 and 416.927 factors before declining to give weight to her treating physician's opinions. Because, based on the particular facts of this case, the ALJ's decision runs afoul of *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000),

the case must be reversed and remanded on this issue for proceedings consistent with this opinion.

Plaintiff contends that the ALJ erred by not considering the Section 404.1527 and 416.927 factors before declining to give weight to the opinion of her treating physician, Dr. Craig C. Callewart. In *Newton*, the Fifth Circuit held that "[t]he opinion of the treating physician who is familiar with the claimant's impairments, treatments and responses, should be accorded great weight in determining disability." *Newton,* 209 F.3d at 455. "A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with ... other substantial evidence." *Id.* (internal quotations omitted). "The opinion of a specialist generally is accorded greater weight than that of a non-specialist." *Id.* (internal quotations omitted). But the ALJ is "free to reject the opinion of any physician when the evidence supports a contrary conclusion" when good cause is shown. *Id.* at 455-56 (internal quotations omitted). An ALJ may show good cause "where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id.* at 456.

Social Security Administration ("SSA") Regulations provide that the SSA "will always give good reasons in [its] notice of determination or decision for the weight [it] gives the claimant's] treating source's opinion" and list factors that an ALJ must consider to assess the weight to be given to a treating physician's opinion when the

ALJ determines that the opinion is not entitled to "controlling weight." 20 C.F.R. § 404.1527(c)(2). Specifically, this regulation requires consideration of:

    (1) the physician's length of treatment of the claimant;

    (2) the physician's frequency of examination;

    (3) the nature and extent of the treatment relationship;

    (4) the support of the physician's opinion afforded by the medical evidence of record;

    (5) the consistency of the opinion with the record as a whole; and

    (6) the specialization of the treating physician.

*See* 20 C.F.R. § 404.1527(c).

In *Newton*, the Fifth Circuit concluded that, "absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." 209 F.3d at 453. However, in decisions construing *Newton*, the Fifth Circuit has explained that "[t]he *Newton* court limited its holding to cases where the ALJ rejects the sole relevant [treating or examining] medical opinion before it." *Qualls v. Astrue*, 339 F. App'x 461, 467 (5th Cir. 2009). Therefore, where there are competing opinions of examining physicians, the ALJ need not necessarily set forth his analysis of the Section 404.1527(d) factors when declining to give controlling weight to a treating physician. *See id.* at 466-67.

In this case, Dr. Callewart submitted a medical source statement that indicated that Plaintiff was severely limited in her ability to sit, stand, and walk during an eight-

hour workday, required the ability to frequently change positions and elevate her legs, and had a severe and chronic amount of pain that would preclude numerous activities required for employment. *See* Dkt. No. 14-7 at 60-62. He found that Plaintiff will need frequent rest breaks and would miss four or more days of work per month due to exacerbations of pain. *See id.* at 62. Dr. Callewart determined that the limitations are expected to be permanent. *See id.* These findings were supported by treatment notes from September 2009, January 2010, and July 2010, at which time Plaintiff was diagnosed with cervical spondylosis with mild radiculopathy, lumbar radiculopathy, thoracic herniation, and mild impingement in her right shoulder. *See id.* at 68-70.

In addition to Dr. Callewart's medical source statement and treatment records, the administrative record contains a Residual Functional Capacity Assessment ("RFC Assessment") from Dr. Laurence Ligon, a non-examining medical consultant who reviewed the file before Dr. Callewart's medical source statement was issued. *See* Dkt. No. 14-7 at 51-58. Based on a review of Plaintiff's file, Dr. Ligon concluded that Plaintiff would be able to stand and/or walk about six hours in a workday, could sit about six hours in a workday, could perform light work, and "allegations [are] supported by MER [medical evidence of record] in file but limitations are not; clmt. is partially credible." *Id.* at 58. Dr. Ligon observed that exams of September 2, 2009 and January 5, 2010 showed a normal gait but mildly restricted range of motion to the lumbar and cervical spine, that neck symptoms were improved with bracing, and that Plaintiff "is able to care for 2 dogs, perform light tasks around the house such as dusting and doing dishes, prepare frozen dinners and shop in store for groceries." *Id.*

He did not further explain why the limitations alleged by Plaintiff were not supported by the medical evidence.

At the hearing, a non-examining, non-treating medical expert, Dr. Howard McClure (the "ME"), testified. *See* Dkt. No. 14-2 at 47-49. Based on his review of the administrative record, Dr. McClure concluded that Plaintiff retained the capacity to perform light work. *See id.* at 48. His findings were apparently based on exhibits 1-F through 24-F in the record. *Id.* Dr. McClure observed that a February 15, 2011 MRI showed no evidence of nerve root impingement, that x-ray images of Plaintiff's knee and hip during an emergency room visit after a June 28, 2011 fall did not show significant damage, and that a January 6, 2011 record by Dr. Callewart indicated that, during a neurologic exam, there were no symptoms or signs of myelopathy (spinal cord injury) and Plaintiff reported that her "neck symptoms are resolving." *Id.* at 48; *see also* Dkt. No. 15 at 6. Based on this record, Dr. McClure explained that "I don't think her impairments meet or equal the listing, Your Honor. I think they support a full light RFC." Dkt. No. 14-2 at 48. He conceded that Plaintiff was morbidly obese. *See id.* at 49.

The ALJ, in turn, adopted the ME's conclusions. After noting Dr. McClure's testimony and the testimony of Dr. Richard Cowles – a non-examining, non-treating neuropsychologist who testified as a medical expert and opined on Plaintiff's mental impairments – the ALJ stated that he "accepts the opinion of the medical experts, gives their opinions substantial weight, and adopts their medical opinions as his own." *Id.* at 21.

The ALJ provided no discussion of Dr. Callewart's medical source statement in his decision that Plaintiff is not disabled, and the ALJ did not incorporate any of Dr.

Callewart's recommendations into his RFC determination. The only mention of Dr. Callewart's findings was in summary of the record evidence. There, the ALJ explained:

> Craig C. Callewart, MD, a treating source, submitted a Physical Residual Functional Capacity Assessment dated August 12, 2010 that indicates the claimant has a severe and chronic degree of pain that would preclude the activity precipitating the pain. She was capable of standing, walking and sitting up for one hour in an 8-hour workday, and she would have to lie down or recline for 2 to 3 hours in an 8-hour workday. The claimant was capable of occasionally lifting and carrying up to 10 pounds but never lifting and/or carrying 11 pounds to 50 pounds, no pushing and pulling, no bending, climbing or kneeling.
>
> Dr. Callewart[']s office treatment report dated July 6, 2010 indicates the claimant presented with complaints of cervical, thoracic, and right shoulder pain. She reported the pain stops at the proximal buttock. Dr. Callewart found the claimant's gait was normal and her stance was erect. She was unassisted using no cane, walker or wheelchair. Cervical examination showed range of motion unchanged, neurologic examination showed no observable deficit. Lumbar examination revealed mild tenderness, and examination of her right shoulder showed mild impeachment symptoms. The claimant received the right inter joint injection. She tolerated this procedure well. Dr. Callewart's diagnosis was cervical Spondylosis with mild radiculopathy, lumbar radiculopathy, thoracic 4-5 and thoracic 10-11 herniation, and right shoulder impeachment syndrome.

Dkt. No. 14-2 at 18. The ALJ did not, however, acknowledge Dr. Callewart's findings that Plaintiff will need frequent rest periods during the day and will probably miss work due to exacerbations of pain four or more days per month and that the limitations are expected to be permanent. *See* Dkt. No. 14-7 at 62. The ALJ did not in any way indicate any disagreement with Dr. Callewart's medical source statement or explain why he adopted the RFC of the non-examining medical consultant, Dr. Ligon.

The facts of this case put it squarely within *Newton*'s purview. Per *Newton*'s strictures, when the ALJ decided to afford essentially no weight to the only opinions of an examining physician in the record – the treating physician – and instead adopted

the opinions of the non-examining sources, the ALJ had an obligation to consider each of the Section 404.1527 factors. *See Newton*, 209 F.3d at 453. The ALJ failed to perform the proper analysis and should do so on remand. *See id.* at 456.

The Court acknowledges that the ALJ did recite, with no further elaboration, that he considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. §§ 404.1529 and 416.929 and SSRs 96-4p and 96-7p," and that he "also considered opinion evidence in accordance with the requirements of 20 CFR §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p." *See* Dkt. No. 14-2 at 17. But this statement, on its own, is not sufficient to satisfy *Newton*. The ALJ certainly did not find that Dr. Callewart's findings, as the treating physician, were brief, conclusory, unsupported by acceptable diagnostic techniques, or otherwise unsupported by the evidence in any way. *See Newton,* 209 F.3d at 456; *see also Greenspan v. Shalala,* 38 F.3d 232, 237 (5th Cir. 1994). To the extent that Dr. Callewart's opinion was inconsistent with other <u>evidence</u> in the record – rather than inconsistent with the conclusions of other experts – those alleged inconsistencies rely on treatment notes for x-ray evidence from an unrelated injury and Plaintiff's own statement that her "neck symptoms were resolving." Dkt. No. 14-2 at 20-21. In sum, the ALJ "summarily rejected the opinions of [claimant's] treating physician, based only on the testimony of a non-specialty medical expert who had not examined the claimant." *Newton*, 209 F.3d at 458.

Courts in this district do not always require the ALJ to discuss each of the Section 404.1527(c)(1) factors if it is clear that the ALJ has nevertheless considered the

factors and the ALJ's decision to give no weight to the treating physician constitutes "good cause." *Brock v. Astrue*, No. 3:10-cv-1399-BD, 2011 WL 4348305, at *4 (N.D. Tex. Sept. 16, 2011). In this case, however, the ALJ did not provide "good cause" for rejecting Dr. Callewart's opinion, which was supported by the medical record and which the ALJ partially cited but eventually rejected without explanation. "Good cause does not exist when the ALJ has not considered all relevant evidence of record." *Bragg v. Comm'r of Soc. Sec. Admin.*, 567 F. Supp. 2d 893, 911 (N.D. Tex. 2008).

The Court notes that the evidence in the record may well support a finding that Plaintiff is not disabled. Defendant urges that good cause existed for disregarding Dr. Callewart's opinion because his treatment notes did not include objective findings. *See* Dkt. No. 21 at 5. However, "[t]he ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton*, 209 F.3d at 455. "Reviewing courts do not consider rationales supporting an ALJ's decision that are not invoked by the ALJ." *Bragg*, 567 F. Supp. 2d at 907.

The ALJ's failure to consider the Section 404.1527 factors when rejecting Dr. Callewart's opinions was prejudicial error. It is the ALJ's responsibility to weigh the evidence, and the Court is unable to say what the ALJ would have done had he weighed all relevant evidence of record. The opinions expressed by Dr. Callewart included significant limitations beyond those that the ALJ recognized in determining both Plaintiff's residual functional capacity and her ability to engage in any form of substantial gainful activity. Had the ALJ given proper consideration to the treating physician's records and assessment of Plaintiff's ability to engage in work-related activities, the ALJ might have reached a different decision as to disability. This is

especially true in light of the fact that the burden lies with the Commissioner at Step 5 to identify gainful employment available in the national economy that the claimant is capable of performing. *See Greenspan*, 38 F.3d at 236; see also *Myers v. Apfel*, 238 F.3d 617, 621-22 (5th Cir. 2001) (holding that remand was required when the ALJ failed to consider all evidence from a treating source and failed to present good cause for rejecting it); *Newton*, 238 F.3d at 621-22 (holding that remand was required when the ALJ failed to consider each of the Section 404.1527 factors before declining to give weight to the opinions of the claimant's treating specialist); *Harris v. Astrue*, No. 3:11-cv-1089-M-BH, 2012 WL 4442303, at *15 (N.D. Tex. Sept. 7, 2012), *rec. adopted*, 2012 WL 4458405 (N.D. Tex. Sept. 26, 2012).

The ALJ's failure to consider the Section 404.1527 factors in connection with Dr. Callewart's opinion was prejudicial error, and this matter must be reversed and remanded. Because this error alone is enough to require remand, the Court need not consider Plaintiff's second argument, that the ALJ's rejection of the consultative examiners' opinions without explanation was improper.

## Conclusion

The hearing decision is reversed, and this case is remanded for further proceedings consistent with this opinion.

SO ORDERED.

DATED: March 4, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE